David A. Einhorn (CT 09458)
James M. Andriola (CT 22742)
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000


United States District Court
District of Connecticut
FILED AT    HARTFORD
1-14-04              20
Kevin F. Rowe, Clerk
By
Deputy Clerk

- and -

C. William Tanzi (CT 24560)
Anderson Kill & Olick, P.C.
Two Sound View Drive, Suite 100
Greenwich, CT 06830
(203) 622-7688

Attorneys for Plaintiff Savin Corporation

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAVIN CORPORATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>THE SAVIN CENTER, P.C.,<br><br>                    Defendant. | Index No. 3:02 CV 2297 (AVC) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER STAYING ADDITIONAL DISCOVERY PENDING A RULING ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Savin Corporation ("Plaintiff") files this memorandum of law in support of its motion pursuant to Fed. R. Civ. P. 26(c) for a protective order staying all further discovery in this matter, including the six (6) depositions currently noticed by Defendant, until there is a resolution of the motion to dismiss filed by the Defendant The Savin Center, P.C. ("Defendant").

:712498-1

The basis for Plaintiff's motion, which has been recognized by Second Circuit courts, is that while Plaintiff has strenuously opposed the Defendant's motion to dismiss, it is sensible to stay further discovery while there is a potentially dispositive motion pending before the Court. As discussed in more detail below, Courts in this Circuit routinely stay discovery even when requested to do so by the movant of a dispositive motion as long as there is no undue prejudice to the opposing party. In this case where the opposer of a potentially dispositive motion requests a stay, there can be no prejudice because the movant (i.e. Defendant herein) cannot claim prejudice if it believes in the legitimacy of the arguments in its own motion papers.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 26(c), a court has discretion to stay discovery "for good cause shown." Although there is no automatic stay, Courts within this Circuit have held that good cause may be shown where a party has filed a potentially dispositive motion and the opposing party will not be prejudiced by the stay. See e.g. Transunion Corp. v. Pepsico, Inc., 811 F.2d 127 (2d Cir. 1987)(Holding trial court did not abuse its discretion in granting protective order to prevent further discovery prior to its decision on motion to dismiss); Spencer Trask Software v. RPost International Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002)(Granting stay of discovery pending disposition of a motion to dismiss); Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002)(same); Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94 Civ. 2120, 1996 WL 101277, at *2, 3 (S.D.N.Y. March 7, 1996)(same); Gandler v. Nazarov, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994)(same); Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 210 (S.D.N.Y. 1991)(same); First Constitution Shareholders Litigation v. First Constitution Financial Corp., 145 F.R.D. 291 (D. Conn. 1991)(same).

This relief is available to plaintiffs as well as defendants. See Siemens Credit Corp. v. American Transit Ins. Co., No. 00 Civ. 0880, 2000 WL 534497, at *1 (S.D.N.Y. May 3, 2000)(Granting plaintiff's motion to stay discovery pending decision on a potentially dispositive motion.).

The first element is met in this case since there is a potentially dispositive motion before the Court. As to the second element, in this case the party opposing the motion to dismiss is seeking the stay, and thus, obviously will not be prejudiced. Moreover, the Defendant herein cannot claim any prejudice since "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." Rivera v. Heyman, No. 96 Civ. 4489, 1997 WL 86394, at * 1 (S.D.N.Y. Feb. 27, 1997).

Two additional factors that a court may consider in deciding a motion for a stay of discovery are the breadth of discovery sought and the burden of responding to it. See Anti-Monopoly, Inc., 1996 WL 101277, at *3. Thus far in this case, Plaintiff has been very accommodating in discovery. Plaintiff has produced a corporate representative for a thorough deposition and produced over 3,500 pages (which is far greater by orders of magnitude than the amount of pages thus far produced by Defendant). See accompanying declaration of David A. Einhorn, Esq. ("Einhorn Decl.") at ¶ 3. Now, the Defendant has noticed six (6) more depositions, one of which is for a non-party located in California, and the rest of which are corporate officers or employees of Plaintiff. See Einhorn Decl. at Exhibits 2,3 and 4. It is this dramatic expansion of the breadth and burden of discovery that makes a stay particularly appropriate in this case at this time. See New York Univ., 205 F.R.D. at 434 (Holding that "extensive set of interrogatories" was burdensome in light of pending motion to dismiss); Anti-

Monopoly, Inc., 1996 WL 101277, at *3 (Holding that "300 Requests to Admit, as well as 14 interrogatories and 12 document requests " were burdensome in light of pending motion to dismiss).

The six (6) additional depositions sought by Plaintiff in this case is far more burdensome than the foregoing examples. Moreover, based on Plaintiff's voluminous document production and the day-long deposition of its corporate representative, the additional discovery sought from Plaintiff is likely to be substantially duplicative and/or redundant. Where "other witnesses have the same knowledge [such as Plaintiff's 30(b)(6) witness], it may be appropriate to preclude a redundant deposition of a highly-placed executive." Consolidated Rail Corp. v. Primary Industries, Corp., No. 92 Civ. 4297, 1993 WL 364471, at * 1 (S.D.N.Y. Sept. 10, 1993). It is also worth noting that the Defendant's legal fees are being paid by an insurance company, and thus, unlike Plaintiff, the Defendant will not incur any legal fees by conducting the many additional depositions.

Plaintiff submits that the foregoing demonstrates that discovery should be stayed because a) there is a potentially dispositive motion before the Court, b) neither party will be prejudiced by the stay, and c) the additional, and likely duplicative, discovery sought by Defendant is particularly burdensome given the pending motion to dismiss.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant a protective order staying all further discovery, including the six (6) depositions currently noticed by Defendant, in this matter until there is a resolution of the motion to dismiss filed by the Defendant, along with such other, further and different relief as the Court deems just, equitable and proper.

:712498-1                                          4

Anderson Kill & Olick, P.C.

Dated: January 12, 2004                    By: _____

David A. Einhorn (CT 09458)
James M. Andriola (CT 22742)

Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000

- and –

C. William Tanzi (CT 24560)
Anderson Kill & Olick, P.C.
Two Sound View Drive, Suite 100
Greenwich, CT 06830
(203) 622-7688

Attorneys for Plaintiff Savin Corporation

David A. Einhorn (CT 09458)
James M. Andriola (CT 22742)
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000

- and -

C. William Tanzi (CT 24560)
Anderson Kill & Olick, P.C.
Two Sound View Drive, Suite 100
Greenwich, CT 06830
(203) 622-7688

Attorneys for Plaintiff Savin Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAVIN CORPORATION, | Index No. 3:02 CV 2297 (AVC) |
| Plaintiff, | |
| v. | |
| THE SAVIN CENTER, P.C., | |
| Defendant. | |

## DECLARATION OF DAVID A. EINHORN, ESQ.

I, David A. Einhorn, declare as follows:

1.      I am a member of the firm of Anderson Kill & Olick, P.C., counsel for the

Plaintiff Savin Corporation ("Savin") in the above captioned case and as such am fully familiar

with the facts of this case and the exhibits hereto.  I submit this declaration in support of

Plaintiff's motion pursuant to Fed. R. Civ. P. 26(c) for a protective order staying all further

:712489-1

discovery in this matter until there is a resolution of the motion to dismiss filed by the Defendant The Savin Center, P.C. ("Defendant").

2.     Plaintiff has in good faith conferred with Defendant in an effort to obtain Defendant's consent to the requested stay of proceedings, but Defendant has refused to agree to such a stay making the instant motion necessary.  Annexed hereto as Exhibit 1 is a true and correct copy of e-mail communications exchanged between my colleague James M. Andriola, Esq. and Defendant's counsel Pamela Chestek, Esq. on January 12, 2004.

3.     Since submission of Defendant's motion to dismiss, the following discovery has transpired: a) the exchange of discovery requests and interrogatories by the parties, as well as responses to same; b) the production of documents, including over 3,500 pages of documents by Plaintiff; c:) Fed. R. Civ. P. 30(b)(6) depositions of each party and d) small document productions from two non-parties.

4.     Annexed hereto as Exhibit 2 is a true and correct copy of a notice of non-party deposition of a corporation located in Santa Monica, California.  The annexed notice was received by this firm on or about January 5, 2004.

5.     Annexed hereto as Exhibit 3 is a true and correct copy of an e-mail communication from Pamela Chestek, Esq. to James M. Andriola, Esq. dated December 30, 2003 in which Ms. Chestek seeks deposition dates for five (5) corporate employees of Savin. Annexed hereto as Exhibit 4 are copies of subpoenas and deposition notices for these same five corporate witnesses.

:712489-1

Dated: January 12, 2004

_____
David A. Einhorn (CT 09458)

:712489-1

**Andriola, James M.**

| | |
|---|---|
| From: | Chestek, Pamela [PChestek@CantorColburn.com] |
| Sent: | Monday, January 12, 2004 3:45 PM |
| To: | 'Andriola, James M.' |
| Cc: | Rye, Michael |
| Subject: | RE: Stay of discovery |

Jim,

We look forward to opposing the motion.

Pam

Pamela S. Chestek
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002
(860) 286-2929 phone
(860) 286-0115 fax
email: pchestek@cantorcolburn.com
website: http://www.cantorcolburn.com

This transmission, and any attached files, may contain information from the law firm of Cantor Colburn LLP that is confidential and/or legally privileged. Such information is intended only for the use of the individual or entity to whom this transmission is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this transmitted information is strictly prohibited, that copies of this transmission and any attached files should be deleted from your disk directories immediately, and that any printed copies of this transmission or attached files should be returned to this firm. If you have received this transmission in error, please notify us by telephone or e-mail immediately, and we will arrange for the return to Cantor Colburn LLP of any printed copies.

-----Original Message-----

| | |
|---|---|
| From: | Andriola, James M. [mailto:Jandriola@andersonkill.com] |
| Sent: | Monday, January 12, 2004 3:02 PM |
| To: | 'Chestek, Pamela' |
| Cc: | Einhorn, David |
| Subject: | Stay of discovery |

Pam:

As I advised you in our telephone conversation last week, we intend to move this Court for a protective order pursuant to Fed. R. Civ. P. 26(c) staying all further discovery in this matter until there is a resolution of the motion to dismiss filed by the Defendant. Please advise whether you will consent to our request or if you oppose same.

James Andriola

******************************************************************
This electronic mail transmission may contain privileged, confidential and/or proprietary information intended only for the person(s) named. Any use, distribution, copying or disclosure to another person is strictly prohibited. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), you may not copy or deliver this message to anyone. In such case, you should destroy this message and kindly notify the sender by reply email.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SAVIN CORPORATION )
                    Plaintiff, )
                              )
v. )                          )        Civil Action No.
                              )        3:02cv2297 (AVC)
THE SAVIN CENTER, P.C. )
                    Defendant. )

## NOTICE OF DEPOSITION OF MICHAEL FISHMAN

You are hereby informed that the Defendant, by and through its attorney, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, to take the deposition upon oral examination of Michael Fishman before a court reporter and officer qualified to administer oaths, at the offices of Foothill Capital Corporation, 2450 Colorado Avenue, Suite 3000 West, Santa Monica, CA 90404, on Tuesday, January 20, 2004, beginning at 8:00 a.m. The deposition will be recorded stenographically and will continue from day to day until completed.

ORAL ARGUMENT
REQUESTED

Respectfully Submitted,
The SAVIN CENTER, P.C., Defendant

By: _____
Michael A. Cantor, Esq.
Bar No. ct05524
Michael J. Ryo
Bar No. ct18354
Pamela S. Chestek
Bar No. ct22480
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, CT 06002
Phone (860) 286-2929
Fax (860) 286-0115

Jeff D. Friedman, Esq.
Renne & Holtzman
Public Law Group
100 Pine Street
San Francisco, CA 94111
Phone: (415) 676-4496
Fax: (415) 288-4528

Defendant's Attorneys.

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy the above NOTICE OF DEPOSITION OF MICHAEL FISHMAN has been sent first class mail, postage prepaid, this ___5th___ day of January, 2004 to:

David A. Einhorn
James M. Andriola
Anderson, Kill & Olick
1251 Avenue of the Americas
New York, NY 10022

Pamela S. Chestak, Esq.

3

**Andriola, James M.**

| | |
|---|---|
| **From:** | Chestek, Pamela [PChestek@CantorColburn.com] |
| **Sent:** | Tuesday, December 30, 2003 4:01 PM |
| **To:** | 'Andriola, James M.' |
| **Subject:** | RE: Savin Corp. v. The Savin Center |

Dear Jim,

Attached is a draft of the protective order, as you requested rejecting the change in paragraph 5 and adding your change in new paragraph 15. I have also left in our proposed change in paragraph 9, explained below per your request.

With respect to paragraph 5, I do not understand your objection. If the information being provided by the third party is not confidential, I do not understand why it should become confidential when it is discussed at a deposition rather than a trade show. I have nevertheless accepted the change for the sake of expediency.

With respect to paragraph 9, as I read the original clause in your proposed protective order, it prescribed two requirements for information to be considered confidential, i.e., it must be information of a sensitive nature AND it must also be information which is unknown to the opposing party. Therefore, if it is information already known by both parties, the information could not be deemed confidential. My proposed deletion eliminates this second further limitation.

Your proposed change to new paragraph 15 is fine.

We are in receipt of your deposition notice/subpoena for Ms. Lewis and your subpoenas of her and Coffee Cup Design Studio's documents. Please let me know if there will be any difficulty in your providing us with copies promptly, so that we may also have them before the deposition.

We have also decided to take the depositions of Russell Gough, Fred Berger, and Alan Nielsen. I would appreciate it if you could provide their availability dates, in addition to those for Louise Stix and Mark Pollack, which I understand you will be providing shortly.

Please let me know whether, with the explanation, the change to paragraph 9 of the Protective Order is acceptable. I believe this is the only change that has not been accepted by both parties. If it is acceptable, feel free to execute the clean copy of the protective order and forward to us for execution and filing.

   

ProtectiveOrder -    ProtectiveOrder -
draft CC rev...      draft CC rev...

Sincerely,

Pamela S. Chestek
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002
(860)286-2929 phone
(860)286-0115 fax
email: pchestek@cantorcolburn.com
website: http://www.cantorcolburn.com

This transmission, and any attached files, may contain information from the law firm of Cantor Colburn LLP that is confidential and/or legally privileged. Such information is intended only for the use of the individual or entity to whom this transmission is addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this transmitted information is strictly prohibited, that copies of this transmission and any attached files should be deleted from your disk directories immediately, and that any printed copies of this transmission or attached files should be returned to this firm. If you have received this transmission in error, please notify us by telephone or e-mail immediately, and we will arrange for the return to Cantor Colburn LLP of any printed copies.

## Issued by the
# UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

SAVIN CORPORATION
V.
THE SAVIN CENTER, P.C.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   3:02cv2297 (AVC) District of Connecticut

TO:   Mark Pollack
      c/o Savin Corp
      333 Ludlow Street
      Stamford, CT 06904-2270

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

X   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Cantor Colburn LLP, 55 Griffin Road South, Bloomfield, CT 06002 | Monday, February 2, 2004, at 9:00 a.m. |

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | January 12, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Pamela S. Chestek
Cantor Colburn LLP
55 Griffin Road South, Bloomfield, CT 06002  (860) 286-2929

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
|  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
|  | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,
(ii)  requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B) If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAVIN CORPORATION | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. |
| | ) 3:02cv2297 (AVC) |
| THE SAVIN CENTER, P.C. | ) |
| Defendant. | ) |

## NOTICE OF TAKING DEPOSITION

To:   David A. Einhorn
      James M. Andriola
      Anderson, Kill & Olick
      1251 Avenue of the Americas
      New York, NY 10022

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Defendant, THE SAVIN CENTER, P.C., by and through its undersigned counsel,

will take the deposition upon oral examination of Mark Pollack, commencing on Monday,

February 2 at 9:00 am.

The deposition will be taken at the offices of Cantor Colburn LLP, 55 Griffin Road South,

Bloomfield, Connecticut, before an officer authorized to administer oaths and will continue from

day to day, except Saturdays, Sundays and legal holidays, until completed.  You are invited to

attend and cross-examine.

THE SAVIN CENTER, P.C.
Defendant

By

Pamela S. Chestek
Bar No. ct22480
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, CT 06002
Phone (860) 286-2929
Fax (860) 286-0115

1

## CERTIFICATE OF SERVICE

     I hereby certify that a copy the above NOTICE OF DEPOSITION OF MARK POLLACK has been sent via facsimile, this _12th_ day of January, 2004 to:

David A. Einhorn
James M. Andriola
Anderson, Kill & Olick
1251 Avenue of the Americas
New York, NY 10022


Pamela S. Chestek, Esq.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF CONNECTICUT

SAVIN CORPORATION
V.
THE SAVIN CENTER, P.C.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    3:02cv2297 (AVC) District
of Connecticut

TO:  Louise Stix
     c/o Savin Corp
     333 Ludlow Street
     Stamford, CT 06904-2270

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

X  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Cantor Colburn LLP, 55 Griffin Road South, Bloomfield, CT 06002 | Monday, February 2, 2004, at 1:00 p.m. |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | January 12, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Pamela S. Chestek
Cantor Colburn LLP
55 Griffin Road South, Bloomfield, CT 06002  (860) 286-2929

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____

DATE                                    SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance,
(ii)    requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)    subjects a person to undue burden.

(B) If a subpoena

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SAVIN CORPORATION )
              Plaintiff, )
 )
v. )
 )     Civil Action No.
 )     3:02cv2297 (AVC)
THE SAVIN CENTER, P.C. )
           Defendant. )

## NOTICE OF TAKING DEPOSITION

To:    David A. Einhorn
       James M. Andriola
       Anderson, Kill & Olick
       1251 Avenue of the Americas
       New York, NY 10022

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Defendant, THE SAVIN CENTER, P.C., by and through its undersigned counsel,

will take the deposition upon oral examination of Louise Stix, commencing on Monday,

February 2 at 1:00 p.m.

The deposition will be taken at the offices of Cantor Colburn LLP, 55 Griffin Road South,

Bloomfield, Connecticut, before an officer authorized to administer oaths and will continue from

day to day, except Saturdays, Sundays and legal holidays, until completed.  You are invited to

attend and cross-examine.

              THE SAVIN CENTER, P.C.
              Defendant

By:    _____
            Pamela S. Chestek
            Bar No. ct22480
            CANTOR COLBURN LLP
            55 Griffin Road South
            Bloomfield, CT 06002
            Phone (860) 286-2929
            Fax (860) 286-0115

## CERTIFICATE OF SERVICE

I hereby certify that a copy the above NOTICE OF DEPOSITION OF LOUISE STIX has been sent via facsimile, this _12th_ day of January, 2004 to:

David A. Einhorn
James M. Andriola
Anderson, Kill & Olick
1251 Avenue of the Americas
New York, NY 10022


Pamela S. Chestek, Esq.

2

AO88 (Rev. 1/94, Subpoena in a Civil Case)

### Issued by the

# UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF CONNECTICUT

SAVIN CORPORATION
V,
THE SAVIN CENTER, P.C.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   3:02cv2297 (AVC) District of Connecticut

TO:   Russell Gough
c/o Savin Corp
333 Ludlow Street
Stamford, CT 06904-2270

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

X   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Cantor Colburn LLP, 55 Griffin Road South, Bloomfield, CT 06002 | DATE AND TIME<br>Tuesday, February 3, 2004, at<br>9:00 a.m. |
|---|---|

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendant | DATE<br><br>January 12, 2004 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Pamela S. Chestek
Cantor Colburn LLP
55 Griffin Road South, Bloomfield, CT 06002  (860) 286-2929

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|------|---------------------|
|      |                     |
|      | ADDRESS OF SERVER   |
|      |                     |

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,
(ii)  requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B) If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SAVIN CORPORATION                        )
                    Plaintiff,            )
                                          )
v.                                        )        Civil Action No.
                                          )        3:02cv2297 (AVC)
THE SAVIN CENTER, P.C.                    )
                    Defendant.            )

## NOTICE OF TAKING DEPOSITION

To:    David A. Einhorn
       James M. Andriola
       Anderson, Kill & Olick
       1251 Avenue of the Americas
       New York, NY 10022

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Defendant, THE SAVIN CENTER, P.C., by and through its undersigned counsel,

will take the deposition upon oral examination of Russell Gough, commencing on Tuesday,

February 3 at 9:00 a.m.

The deposition will be taken at the offices of Cantor Colburn LLP, 55 Griffin Road South,

Bloomfield, Connecticut, before an officer authorized to administer oaths and will continue from

day to day, except Saturdays, Sundays and legal holidays, until completed.  You are invited to

attend and cross-examine.

THE SAVIN CENTER, P.C.
Defendant

By: _____
    Pamela S. Chestek
    Bar No. ct22480
    CANTOR COLBURN LLP
    55 Griffin Road South
    Bloomfield, CT 06002
    Phone (860) 286-2929
    Fax (860) 286-0115

1

## CERTIFICATE OF SERVICE

I hereby certify that a copy the above NOTICE OF DEPOSITION OF RUSSELL GOUGH has been sent via facsimile, this ___ day of January, 2004 to:

David A. Einhorn
James M. Andriola
Anderson, Kill & Olick
1251 Avenue of the Americas
New York, NY 10022

Pamela S. Chestek, Esq.

### Issued by the

# UNITED STATES DISTRICT COURT

#### FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAVIN CORPORATION<br>V.<br>THE SAVIN CENTER, P.C. | **SUBPOENA IN A CIVIL CASE** |

Case Number:[1]   3:02cv2297 (AVC) District of Connecticut

TO:  Fred Berger
c/o Savin Corp
333 Ludlow Street
Stamford, CT 06904-2270

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

X  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Cantor Colburn LLP, 55 Griffin Road South, Bloomfield, CT 06002 | DATE AND TIME<br>Tuesday, February 3, 2004, at 1:00 p.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER□S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendant | DATE<br>January 12, 2004 |
|---|---|

ISSUING OFFICER□S NAME, ADDRESS AND PHONE NUMBER
Pamela S. Chestek
Cantor Colburn LLP
55 Griffin Road South, Bloomfield, CT 06002  (860) 286-2929

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance,
(ii)   requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B) If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAVIN CORPORATION | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 3:02cv2297 (AVC) |
| THE SAVIN CENTER, P.C. | ) | |
| Defendant. | ) | |

## NOTICE OF TAKING DEPOSITION

To:    David A. Einhorn
       James M. Andriola
       Anderson, Kill & Olick
       1251 Avenue of the Americas
       New York, NY 10022

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Defendant, THE SAVIN CENTER, P.C., by and through its undersigned counsel,

will take the deposition upon oral examination of Fred Berger, commencing on Tuesday,

February 3 at 1:00 p.m.

The deposition will be taken at the offices of Cantor Colburn LLP, 55 Griffin Road South,

Bloomfield, Connecticut, before an officer authorized to administer oaths and will continue from

day to day, except Saturdays, Sundays and legal holidays, until completed.  You are invited to

attend and cross-examine.

THE SAVIN CENTER, P.C.
Defendant

By: _____
    Pamela S. Chestek
    Bar No. ct22480
    CANTOR COLBURN LLP
    55 Griffin Road South
    Bloomfield, CT 06002
    Phone (860) 286-2929
    Fax (860) 286-0115

1

## CERTIFICATE OF SERVICE

I hereby certify that a copy the above NOTICE OF DEPOSITION OF FRED BERGER has been sent via facsimile, this ___ day of January, 2004 to:

David A. Einhorn
James M. Andriola
Anderson, Kill & Olick
1251 Avenue of the Americas
New York, NY 10022

Pamela S. Chestek, Esq.

2

## Issued by the

# UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAVIN CORPORATION<br>V.<br>THE SAVIN CENTER, P.C. | **SUBPOENA IN A CIVIL CASE** |

Case Number:[1]   3:02cv2297 (AVC) District of Connecticut

TO: Alan Nielsen
c/o Savin Corp
333 Ludlow Street
Stamford, CT 06904-2270

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

X   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Cantor Colburn LLP, 55 Griffin Road South, Bloomfield, CT 06002 | DATE AND TIME<br>Tuesday, February 3, 2004, at 3:30 p.m. |
|---|---|

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | |
|---|---|
| | DATE AND TIME |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | |
|---|---|
| | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendant | DATE<br><br>January 12, 2004 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Pamela S. Chestek
Cantor Colburn LLP
55 Griffin Road South, Bloomfield, CT 06002  (860) 286-2929

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                      DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance,
(ii)   requires a person who is not a party or an officer of a

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B) If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)   requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SAVIN CORPORATION                    )
                    Plaintiff,       )
                                     )
v.                                   )        Civil Action No.
                                     )        3:02cv2297 (AVC)
THE SAVIN CENTER, P.C.               )
                    Defendant.       )

## NOTICE OF TAKING DEPOSITION

To:    David A. Einhorn
       James M. Andriola
       Anderson, Kill & Olick
       1251 Avenue of the Americas
       New York, NY 10022

       PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, Defendant, THE SAVIN CENTER, P.C., by and through its undersigned counsel,

will take the deposition upon oral examination of Alan Nielsen, commencing on Tuesday,

February 3 at 3:30 p.m.

       The deposition will be taken at the offices of Cantor Colburn LLP, 55 Griffin Road South,

Bloomfield, Connecticut, before an officer authorized to administer oaths and will continue from

day to day, except Saturdays, Sundays and legal holidays, until completed.  You are invited to

attend and cross-examine.

                              THE SAVIN CENTER, P.C.
                              Defendant

                              By: _____
                                  Pamela S. Chestek
                                  Bar No. ct22480
                                  CANTOR COLBURN LLP
                                  55 Griffin Road South
                                  Bloomfield, CT 06002
                                  Phone (860) 286-2929
                                  Fax (860) 286-0115

1

## CERTIFICATE OF SERVICE

I hereby certify that a copy the above NOTICE OF DEPOSITION OF ALAN NIELSEN has been sent via facsimile, this _12th_ day of January, 2004 to:

David A. Einhorn
James M. Andriola
Anderson, Kill & Olick
1251 Avenue of the Americas
New York, NY 10022

Pamela S. Chestek, Esq.

David A. Einhorn (CT 09458)
James M. Andriola (CT 22742)
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000

- and -

C. William Tanzi (CT 24560)
Anderson Kill & Olick, P.C.
Two Sound View Drive, Suite 100
Greenwich, CT 06830
(203) 622-7688

Attorneys for Plaintiff Savin Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAVIN CORPORATION, | |
| Plaintiff, | Index No. 3:02 CV 2297 (AVC) |
| v. | |
| THE SAVIN CENTER, P.C., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I certify that on January 13, 2004, copies of the following documents were caused to be served by Federal Express on Pamela Chestek, Esq., Cantor Colburn, L.L.P., 55 Griffin Road South, Bloomfield, CT 06002 and Jeffrey D. Friedman, Esq., Renne & Holtzman Public Law Group, 100 Pine Street, San Francisco, CA 94111:

:712677-1

1)    Plaintiff's Motion for a Protective Order Staying Additional Discovery Pending A Ruling On Defendant's Motion To Dismiss;

2)    Memorandum of Law in Support of Plaintiff's Motion for a Protective Order Staying Additional Discovery Pending A Ruling On Defendant's Motion To Dismiss; and

3)    Declaration of David A. Einhorn.

This 13th day of January, 2004.

James M. Andriola

:712677-1