UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN 14  P 1: 58

Index No. 3:02 CV 2297 (AVC)
U.S. DISTRICT COURT
HARTFORD, CT.

SAVIN CORPORATION,

                      Plaintiff,

        v.

THE SAVIN CENTER, P.C.,

                      Defendant.

## STIPULATED PROTECTIVE ORDER

Upon motion of the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

It is hereby STIPULATED AND ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Confidential Information," as used herein, means any information of the type, kind or character described in Paragraph 9 which is designated "Confidential" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential," a party will make such designation only as to that information that it in good faith believes contains confidential information. Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be designated as confidential.

3. "Qualified Persons," as used herein means:

    (a) Officers, directors, employees, and agents of the parties to whom it is necessary that the material be shown for purposes of this litigation;

    (b) Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation; and

    (c) Actual or potential independent technical experts or consultants who have read this Protective Order and signed the Acknowledgment in Exhibit A before Confidential Information is disclosed to such expert or consultant. Counsel engaging such expert or consultant must maintain the original signed copy of the Acknowledgement. Such experts or

NYDOCS1-712197.1

consultants may not be presently affiliated or associated with, or employed by the parties hereto or their competitors for any purpose other than to serve as an expert or consultant in this action.

(d) Representatives of the parties' respective insurers who have agreed to provide coverage with respect to the defense of claims in this action and who have read this Protective Order and signed the Acknowledgment in Exhibit A before Confidential Information is disclosed.

4. Documents produced in this action may be designated by any party or parties as "Confidential" information by marking each page of the document(s) so designated with a stamp stating "Confidential."

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" thereafter.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential," with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" information shall have page numbers that correspond to the blank pages in the main transcript.

6. (a) "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.

(b) Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of Paragraph 3(c) above, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation.

7. Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number or other suitable description within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same

NYDOCS1-712197.1

manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

Nothing herein shall prevent disclosure beyond the terms of this order if the party designating the information as "Confidential" consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" information in the examination or cross-examination of any person who is an officer, employee or representative of the producing party or who is indicated on the document as being an author, source or recipient of the "Confidential" information, irrespective of which party produced such information.

8. A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential," the parties shall first try to resolve the dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential." The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

9. Nothing shall be designated as "Confidential" information except information of a sensitive nature, which if disclosed to persons of expertise in the area would reveal technical or business advantages of the producing or designating party if made public. Nothing shall be regarded as "Confidential" information if it is information that either:

(a) Is readily available from the public domain at the time of disclosure, as evidenced by a written document;

(b) Becomes part of the public domain through no fault of the other parties, as evidenced by a written document;

(c) The receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

(d) The receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

10. In the event a party wishes to use any "Confidential" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" information used herein shall be filed under seal with the Court using the procedure described in District of Connecticut Local Rule 5(d)(2).

NYDOCS1-712197.1

11. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential" information by a party to this action.

12. Unless otherwise agreed in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.

13. The terms of this Protective Order may be applied to the documents, information and things received by a party from any person who is not a party to this litigation at the election of such person.

14. The recipient of any Confidential Information shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Information as is exercised by the recipient with respect to its own confidential information of a similar nature, but in no event less than due care. Each recipient of any Confidential Information produced in this action hereby agrees to be subject to the jurisdiction of this Court solely for the purposes of the implementation and enforcement of this Stipulated Protective Order.

15. Within one-hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party, in the possession of any of the persons qualified under Paragraph 3 shall be returned to the producing party or otherwise disposed of by written agreement of the parties, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. Outside counsel to the parties may maintain one archival copy of pleadings, correspondence, work product, discovery responses, depositions, deposition exhibits, Court exhibits, and documents included in submission to the Court, which shall retain their designation as Confidential Information. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

16. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observe the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

Dated: January 8, 2004

By: _____
David A. Einhorn (CT 09458)
James M. Andriola (CT 22742)
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020

Attorneys for Plaintiff Savin Corporation.

Dated: January 13, 2004

By: _____
Pamela S. Chestek (CT 18354)
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002
Telephone: (860) 286-2929
Facsimile: (860) 286-0115

Jeffrey D. Friedman
Renne & Holtzman Public Law Group
100 Pine Street
San Francisco, CA 94111
Telephone: (415) 676-4496
Facsimile: (415) 288-4528

Attorneys for Defendant The Savin Center, P.C.

SIGNED AND ENTERED this 14th day of JANUARY, 2004.

_____
Alfred V. Covello, U.S.D.J.

U.S. DISTRICT COURT
HARTFORD
2004 JAN 14 P 2:45
FILED

NYDOCS1-712197.1

EXHIBIT "A" TO STIPULATED PROTECTIVE ORDER

ACKNOWLEDGMENT

I, _____, acknowledge that I have received and read a copy of the attached Stipulated Protective Order entered in the action presently pending in the United States District Court for the District of Connecticut entitled *Savin Corporation v. The Savin Center, P.C.*, Case No. 3:02 CV 2297 (AVC). I agree to comply with and be bound by this Order and I hereby submit to the jurisdiction of the United States District Court for the District of Connecticut with respect to any action arising out of any claim of violation of the Order.

Dated this _____ day of _____, 2004.

_____
Signature

Printed Name & Address:

_____
_____
_____
_____