FILED

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

2004 JAN 26  P 3: 32

U.S. DISTRICT COURT
HARTFORD, CT.

SAVIN CORPORATION         )
                Plaintiff,   )
                             )
v.                           )        Civil Action No.
                             )        3:02cv2297 (AVC)
THE SAVIN CENTER, P.C.       )
                Defendant.   )

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO AMEND
THE ANSWER TO ADD A COUNTERCLAIM

Defendant, The Savin Center, P.C. ("Savin Center"), respectfully submits this

Memorandum of Law in Support of its Motion for Leave to Amend its Answer pursuant to Fed.

R. Civ. P. 15(a).

I.      STATEMENT OF FACTS

The Plaintiff in this case, Savin Corp., filed a Complaint (later amended) against The

Savin Center alleging claims for relief under the Federal Trademark Dilution Act, the

Connecticut Anti-Dilution Statute, and the Connecticut Unfair Trade Practices Act. *See*

Complaint [Docket No. 1]; Amended Complaint [Docket No. 6]. All of the Plaintiff's claims for

relief rely in part on rights arising from its ownership of four trademark registrations, U.S. Reg.

Nos. 836,540, 1,174,900, 1,500,782, and 2,230,303. *Id.*

In Plaintiff's production of documents, provided to Defendant on or about October 22,

2003, the Defendant first learned that the Plaintiff's trademark registrations might be invalid.

The Plaintiff produced a "Trademarks and Letters Patent Assignment," which assigned three of

1

the registrations-in-suit to a lender, Foothill Capital Corporation. *See* Declaration Of Pamela S. Chestek In Support Of Defendant's Motion For Leave To Amend The Answer To Add A Counterclaim ("Chestek Decl."), ¶ 2. The document exposed the possibility that the assignment of the trademarks was an "assignment in gross" and the subsequent license-back to Savin Corp. a "naked license," both considered abandonment of trademarks. The Defendant subsequently took the deposition of Michael Fishman, Executive Vice President for what is now Wells Fargo Foothill, on January 20, 2004. Chestek Decl., ¶ 3. The deposition confirmed that there was sufficient basis to allege that the three registrations were invalid as the result of abandonment and thus subject to cancellation. *See Haymaker Sports, Inc. v. Turian*, 581 F.2d 257 (CCPA 1978) (stating facts relevant to determine whether an assignment of a trademark is an assignment in gross and naked license).

The fourth registration is also legally defective. It was apparent early in the lawsuit that one registration was obtained only by misrepresenting to the Patent and Trademark Office the legal status of older trademark registrations; indeed, this misrepresentation was discussed in the Defendant's Memorandum in Support of Its Motion to Dismiss. Nevertheless, it was only after the Defendant received documents in discovery demonstrating that the Plaintiff was in possession of the earlier trademark registration files that the Defendant could allege one of the elements of fraud on the Patent and Trademark Office, specifically, that the Plaintiff had knowledge that the information given to the Patent and Trademark Office was false. *See Torres v. Cantine Torresella S.r.l.*, 808 F.2d 46 (Fed. Cir. 1986) (stating that to prevail on a claim of

fraud in procuring a trademark registration, the petition must plead and prove that respondent

knowingly made false, material representations of fact in connection with its application).

## II.    ARGUMENT

### A.    The Amendment Standard

A party may amend a pleading after a responsive pleading has been served "only by leave

of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a).  However, leave to

amend the pleadings "shall be freely given when justice so requires." *Id.*

The Supreme Court has stated, as follows, the standard under which a court should

evaluate a Rule 15(a) motion to amend:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith
> or dilatory motive on the part of the movant, repeated failure to cure deficiencies
> by amendments previously allowed, undue prejudice to the opposing party by
> virtue of allowance of the amendment, futility of the amendment, etc. -- the leave
> sought should, as the rule requires, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Absher v. Flexi Int'l Software, Inc.*,

Civ. No. 3:02cv171 (AHN), 2003 WL 2002778, *2-3 (D. Conn. April 10, 2003).  The propriety

of granting a motion to amend is within the sound discretion of the district court. *Messier v.*

*Southbury Training Sch.*, Civ. No. 2:94cv1706 (EBB), 1999 WL 20907, *3 (D. Conn. Jan. 5,

1999).

### B.    The Savin Center Should Be Granted Leave to Amend the
### Answer

There is no basis for denying the Savin Center leave to assert a counterclaim.  The two

counts of the counterclaim, one alleging abandonment of trademarks and the other fraud on the

Patent and Trademark Office, if successful, would have the effect of reducing the likelihood that

the Plaintiff can prove fame, a necessary element of its claims. *See* Trademark Act 43(c)(1), 15 U.S.C. § 1125(c)(1) (requiring proof of fame); Trademark Act § 43(c)(1)(H), 15 U.S.C. § 1125(c)(1)(H) (stating that a factor to be considered in determining fame is whether the mark is registered). Thus, the counterclaim assists the Defendant in its defense against the allegations of dilution. Savin Center's motion is also timely, since Savin Center is moving to amend its claim shortly after it had acquired sufficient factual support for all elements of the counterclaim, as described above.

Finally, there is no undue prejudice to the Plaintiff by virtue of allowance of the amendment. Discovery in this case is still ongoing. Further, the facts relating to the counterclaim – whether the assignment of the trademarks was "in gross," whether the license back to Savin Corp. was a "naked license," and whether Savin Corp. acted fraudulently in procuring its registration – are all within the Plaintiff's own knowledge and that of Foothill Capital Corporation. Counsel for Savin Corp. attended the deposition of Mr. Fishman of Foothill Capital Corp. and will have opportunity to take discovery from any others who may have relevant information. It is therefore not prejudiced by the amendment.

### III.    CONCLUSION

Based on the above, The Savin Center respectfully requests that this Court grant it leave

to amend its Answer to assert a counterclaim for cancellation of the Plaintiff's trademark

registrations.  A proposed First Amended Answer and Petition To Cancel is attached to this

Memorandum as Exhibit 1.

> Respectfully Submitted,
> The SAVIN CENTER, P.C., Defendant
>
>
> By: _____
> Michael A. Cantor, Esq.
> Bar No. ct05524
> Michael J. Rye
> Bar No. ct18354
> Pamela S. Chestek
> Bar No. ct22480
> CANTOR COLBURN LLP
> 55 Griffin Road South
> Bloomfield, CT 06002
> Phone (860) 286-2929
> Fax (860) 286-0115
>
> Jeff D. Friedman, Esq.
> Renne & Holtzman
> Public Law Group
> 100 Pine Street
> San Francisco, CA 94111
> Phone: (415) 676-4496
> Fax: (415) 288-4528
>
> Defendant's Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a copy the above MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO AMEND THE ANSWER TO ADD A COUNTERCLAIM has been sent via Federal Express this 26th day of January, 2004 to:

David A. Einhorn
James M. Andriola
Anderson, Kill & Olick
1251 Avenue of the Americas
New York, NY 10022

_____
Pamela S. Chestek, Esq.