THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAVIN CORPORATION )<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE SAVIN CENTER, P.C. )<br>Defendant. ) | Civil Action No.<br>3:02cv2297 (AVC) |

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

NOW COMES the Defendant in this matter, The Savin Center, P.C., and requests that the Court dismiss this action under Federal Rule of Civil Procedure 12(b)(6) for the Plaintiff's failure to state a claim upon which relief can be granted.

As grounds therefor, Defendant submits that the Plaintiff can prove no set of facts in support of its federal claim that would entitle it to relief under the Federal Trademark

```
3:02cv2297(AVC).  February 18, 2004.  This is an action for
damages and equitable relief brought in connection with the
alleged infringement of a trademark.  It is brought pursuant to
the Federal Trademark Dilution Act of 1995 ("FTDA"), 15 U.S.C. §
1051, among others.  The plaintiff, Savin Corporation, is a
business engaged in sale, marketing and distribution of office
equipment and related services, and owns four trademark
registrations for the Savin mark.  The defendant, The Savin
Center, P.C., is a medical practice owned by Dr. Ronald Savin.
The amended complaint alleges that the defendant has diluted the
plaintiff's famous mark "Savin" and seeks an order requiring the
defendant to cease use of the mark and trade name "The Savin
Center" and further, to transfer ownership of its domain name
"savincenter.com" to the plaintiff.  The defendant now moves to
dismiss the FTDA claim, arguing that a cause of action is not
stated because the amended complaint fails to allege facts
demonstrating that "Savin" -- a surname -- is inherently
distinctive or that the mark has achieved widespread fame in the
general marketplace.  Moreover, the defendant argues that the
claim fails because the amended complaint does not allege facts
demonstrating actual dilution.  The court does not agree.  The
amended complaint alleges with sufficient particularity that the
mark at issue is famous and distinctive, and that the defendant's
use of the mark has injured the plaintiff.  Whether the plaintiff
is able to prove distinctiveness, widespread fame, or actual
injury are issues of fact that may not be resolved at this
juncture.  The motion to dismiss is therefore DENIED.

SO ORDERED.
                              _____
                              Alfred V. Covello, U.S.D.J.
```