THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SAVIN CORPORATION                )
                 Plaintiff,      )
                                 )
v.                               )    Civil Action No.
                                 )    3:02cv2297 (AVC)
THE SAVIN CENTER, P.C.           )
                 Defendant.      )

DEFENDANT'S ANSWER TO AMENDED COMPLAINT
AND PETITION TO CANCEL

———————————————————————————————————————————————

Defendant The Savin Center, P.C., (hereinafter "Savin Center"), by and through

its attorneys hereby answers Plaintiff's Amended Complaint as follows:

**PARTIES**

1.    The Savin Center is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in ¶ 1 of the Amended Complaint and

therefore denies the same.

2.    The Savin Center admits the allegations in ¶ 2 of the Amended Complaint.

3.    The Savin Center admits that the Plaintiff has alleged a claim for relief

under the Federal Trademark Dilution Act, 15 U.S.C. §1125(c), classified in Title 15 of

the United States Code, 15 U.S.C. § 1051, et seq.  The Savin Center is without

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in ¶ 3 of the Amended Complaint and therefore denies the same.

4.    The Savin Center admits the allegations in ¶ 4 of the Amended Complaint.

5.    The Savin Center admits the allegations in ¶ 5 of the Amended Complaint.

6.    The Savin Center admits the allegations in ¶ 6 of the Amended Complaint.

7.      The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 7 of the Amended Complaint and therefore denies the same.

8.      The Savin Center admits that on October 10, 1967, Registration No. 836,540 for the mark SAVIN was issued to Savin Business Machines Corp. on the Principal Register claiming a date of first use of April, 1960 for goods identified as "developing liquid for office copiers" and "photocopy machines and copy paper for photocopy machines." The Savin Center further admits that an Affidavit Under Sections 8 and 15 was filed by The Savin Business Machines Corp. and accepted. The Savin Center denies that the registration was renewed to Plaintiff Savin Corp. on October 7, 1987. The Savin Center admits that what appears to be a photocopy of the Certificate of Registration for Registration No. 836,540 is attached to the Amended Complaint as Exhibit 1. The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 8 of the Amended Complaint and therefore denies the same.

9.      The Savin Center admits that on October 27, 1981, Registration No. 1,174,900 for the mark SAVIN (stylized) was issued to Savin Corp. on the Principal Register claiming a date of first use of May 18, 1979, for goods identified as "photocopying machines and parts thereof." The Savin Center admits that Savin Corp. filed a Declaration Under Sections 8 and 15 which was accepted. The Savin Center denies that the registration was renewed on March 23, 2002. The Savin Center admits that what appears to be a photocopy of the Certificate of Registration for Registration No. 1,174,900 is attached to the Amended Complaint as Exhibit 2. The Savin Center is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 9 of the Amended Complaint and therefore denies the same.

10.    The Savin Center admits that on October 16, 1988, Registration No. 1,500,782 was issued to Savin Corp. on the Principal Register for the mark SAVIN claiming a date of first use of December 31, 1964 for goods identified as "maintenance and repair services for photocopiers and word processors." The Savin Center admits that a Combined Declaration of Use Under Sections 8 and 15 was filed and accepted. The Savin Center admits that what appears to be a photocopy of the Certificate of Registration for Registration No. 1,500,782 is attached to the Amended Complaint as Exhibit 3. The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 10 of the Amended Complaint and therefore denies the same.

11.    The Savin Center admits that on March 9, 1999, Registration No. 2,230,303 was issued to Savin Corporation on the Principal Register for the mark SAVIN claiming a date of first use of August 1987 for goods described as "facsimile machines." The Savin Center admits that what appears to be a photocopy of the Certificate of Registration for Registration No. 2,230,303 is attached to the Amended Complaint as Exhibit 4. The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 11 of the Amended Complaint and therefore denies the same.

12.    The Savin Center admits that these Certificates of Registrations for the marks set forth in ¶¶ 8 through 11 of the Amended Complaint constitute *prima facie*

evidence of Savin Corp.'s exclusive right to use the registered marks in commerce on or in connection with the goods or services specified in the Certificates. The Savin Center denies the remaining allegations in ¶ 12 of the Amended Complaint.

13.    The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 13 of the Amended Complaint and therefore denies the same.

14.    The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 14 of the Amended Complaint and therefore denies the same.

15.    The Savin Center admits that Savin Corp. currently owns domain name registrations for *savin.com, savincorp.net, savincorp.org, savincorp.biz, savincorp.info, savinelectronics.com, savinsupplies.com, savincopier.com, savincopiers.com*, and *savinfax.com.* The Savin Center denies that the domain names *savincorporation.com, savincorporation.net, savin-nsd.com* and *savin-nsd.net* are owned by the Plaintiff. The Savin Center further admits that the above-referenced domain names are registered with Network Solutions or other registrars. The Savin Center admits that printouts dated August 28, 2002 purporting to show ownership information of the above-referenced domain names are attached as Exhibit 5 to the Amended Complaint; however, Savin Center denies that all of the printouts reflect information contained in the VeriSign WHOIS database. The Savin Center further denies that the information shown in the printouts in Exhibit 5 is currently accurate. The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 15 of the Amended Complaint and therefore denies the same.

4

16.    The Savin Center admits that Savin Corp. has an active website at www.savin.com that markets and promotes products and services provided by Savin Corp. The Savin Center admits that Exhibit 6 is printouts from the web pages found at www.savin.com as it appeared on November 18, 2002. The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 16 of the Amended Complaint and therefore denies the same.

17.    The Savin Center admits that there are photocopies of documents with the trademark SAVIN on them but is without knowledge or information on the nature of these documents. The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 17 of the Amended Complaint and therefore denies the same.

18.    The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 18 of the Amended Complaint and therefore denies the same.

19.    The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 19 of the Amended Complaint and therefore denies the same.

20.    The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 20 of the Amended Complaint and therefore denies the same.

21.    The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 21 of the Amended Complaint and therefore denies the same.

22.    The Savin Center denies the allegations in ¶ 22 of the Amended Complaint.

## COUNT 1

### VIOLATION OF THE FEDERAL ANTI-DILUTION ACT
### 15 U.S.C. § 1125(c)

23.    The Savin Center repeats and incorporates herein by reference the statements set forth in ¶¶ 1 through 22, inclusive.

24.    The Savin Center admits the allegations contained in ¶ 24 of the Amended Complaint.

25.    The Savin Center admits the allegations contained in ¶ 25 of the Amended Complaint.

26.    The Savin Center admits that its corporate name was formally "The Savin Dermatology Center" from February 1991 through June 1999. The Savin Center denies the remaining allegations in ¶ 26 of the Amended Complaint.

27.    The Savin Center admits that it changed the corporate name to "The Savin Center" in 1999 and that the change occurred after the first registration of the trademark SAVIN. The Savin Center denies the remaining allegations in ¶ 27 of the Amended Complaint.

28.    The Savin Center admits that it is a Connecticut based business located in New Haven, Connecticut. The Savin Center further admits that Exhibit 8 is a photocopy of an advertisement for The Savin Center. The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 28 of the Amended Complaint and therefore denies the same.

29.     The Savin Center admits that it owns the domain names *savincenter.com* and *savindermatology.com* and that Exhibit 9 is printouts of the domain name registration records.  The Savin Center denies that the printouts are from the VeriSign WHOIS database but admits that the record for *savincenter.com* is from the Networks Solutions WHOIS database and the record for the *savindermatology.com* domain name is from the Register.com database.  The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 29 of the Amended Complaint and therefore denies the same.

30.     The Savin Center admits that it operates a website at *savincenter.com*.  The Savin Center further admits that a copy of a printout from the website at *savincenter.com* is attached to the Amended Complaint as Exhibit 10.  The Savin Center denies the remaining allegations of ¶ 30 of the Amended Complaint.

31.     The Savin Center admits that the business name "The Savin Center," the domain name *savincenter.com* and the domain name *savindermatology.com* incorporate the word "Savin."  The Savin Center admits that the word "Savin" is combined with the word "Center" in the name "The Savin Center" and the domain name *savincenter.com*.  The Savin Center denies that the word "Savin" is combined with the word "Center" in *savindermatology.com*.  The Savin Center denies the remaining allegations in ¶ 31 of the Amended Complaint.

32.     The Savin Center admits that its home page at *savincenter.com* does not state that it is not affiliated with, associated with, or sponsored by Savin Corp.  The Savin Center denies the remaining allegations contained in ¶ 32 of the Amended Complaint.

33.    The Savin Center admits that Exhibit 11 attached to the Amended Complaint is a letter from David A. Einhorn to Dr. Ronald C. Savin dated January 7, 2002. The Savin Center further states that the document speaks for itself and, to the extent further response is required, denies the remaining allegations in ¶ 33 of the Amended Complaint.

34.    The Savin Center admits that sometime prior to February 6, 2002, Scott B. Franklin left a voicemail message for David A. Einhorn. The Savin Center denies the remaining allegations in ¶ 34 of the Amended Complaint.

35.    The Savin Center admits that Exhibit 12 attached to the Amended Complaint is a letter from Scott B. Franklin to David A. Einhorn dated February 6, 2002. The Savin Center further states that the document speaks for itself and, to the extent further response is required, denies the remaining allegations in ¶ 35.

36.    The Savin Center admits that Exhibit 13 attached to the Amended Complaint is a letter from David A. Einhorn to Scott B. Franklin dated May 6, 2002. The Savin Center further states that the document speaks for itself and, to the extent further response is required, denies the remaining allegations in ¶ 36.

37.    The Savin Center admits that Exhibit 14 attached to the Amended Complaint is a letter from Scott B. Franklin to David A. Einhorn dated May 28, 2002. The Savin Center further states that the document speaks for itself and, to the extent further response is required, denies the remaining allegations in ¶ 37.

38.    The Savin Center admits that Exhibit 15 attached to the Amended Complaint is a letter from David A. Einhorn to Scott B. Franklin dated July 9, 2002. The

Savin Center further states that the document speaks for itself and, to the extent further response is required, denies the remaining allegations in ¶ 38.

39.    The Savin Center admits that Exhibit 16 attached to the Amended Complaint is a letter from Scott B. Franklin to David A. Einhorn dated August 8, 2002. The Savin Center further states that the document speaks for itself and, to the extent further response is required, denies the remaining allegations in ¶ 39.

40.    The Savin Center denies the allegations in ¶ 40 of the Amended Complaint.

41.    The Savin Center denies the allegations in ¶ 41 of the Amended Complaint.

42.    The Savin Center denies the allegations in ¶ 42 of the Amended Complaint.

43.    The Savin Center admits the allegations in ¶ 43 of the Amended Complaint.

44.    The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 44 of the Amended Complaint and therefore denies the same.

45.    The Savin Center admits that it did not seek permission to use the word "Savin" from Savin Corp. prior to registering its domain name *savincenter.com*. The Savin Center denies the remaining allegations contained in ¶ 45 of the Amended Complaint.

46.    The Savin Center denies the allegations in ¶ 46 of the Amended Complaint.

47.    The Savin Center denies the allegations in ¶ 47 of the Amended Complaint.

48.    The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 48 of the Amended Complaint and therefore denies the same.

49.    The Savin Center denies that the SAVIN MARKS are famous marks. The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 49 of the Amended Complaint and therefore denies the same.

50.    The Savin Center denies the allegations in ¶ 50 of the Amended Complaint.

51.    The Savin Center denies the allegations in ¶ 51 of the Amended Complaint.

52.    The Savin Center denies the allegations in ¶ 52 of the Amended Complaint.

53.    The Savin Center admits that Savin Corp. has no control over The Savin Center's use of its corporate name "The Savin Center, P.C." or the domain names *savincenter.com* and *savindermatology.com.* The Savin Center denies the remaining allegations contained in ¶ 53 of the Amended Complaint.

54.    The Savin Center admits the allegations in ¶ 54 of the Amended Complaint.

55.    The Savin Center denies the allegations in ¶ 55 of the Amended Complaint.

10

56.     The Savin Center denies the allegations in ¶ 56 of the Amended Complaint.

57.     The Savin Center denies the allegations in ¶ 57 of the Amended Complaint.

58.     The Savin Center denies that 11 U.S.C. § 1125(c) provides a claim for relief relevant hereto and further denies the remaining allegations in ¶ 58 of the Amended Complaint.

59.     The Savin Center admits that it has used and continues to use the business name "The Savin Center, P.C." and the domain name *savincenter.com*. The Savin Center denies the remaining allegations contained in ¶ 59 of the Amended Complaint.

60.     The Savin Center denies the allegations in ¶ 60 of the Amended Complaint.

61.     The Savin Center denies the allegations in ¶ 61 of the Amended Complaint.

62.     The Savin Center denies the allegations in ¶ 62 of the Amended Complaint.

## COUNT 2

### CONNECTICUT ANTI-DILUTION STATUTE
### CONN. GEN. STAT. § 35-11i

63.     Defendant repeats and incorporates herein by reference the statements set forth in ¶¶ 1 through 62, inclusive.

64.     The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 64 of the Amended Complaint and therefore denies the same.

11

65.    The Savin Center denies that the Amended Complaint alleges other than in this paragraph that the Savin Corp.'s principal place of business and corporate headquarters are in Ludlow, Connecticut. The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 65 of the Amended Complaint and therefore denies the same.

66.    The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 66 of the Amended Complaint and therefore denies the same.

67.    The Savin Center is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 67 of the Amended Complaint and therefore denies the same.

68.    The Savin Center admits that Savin Corp. used the mark SAVIN before Savin Center adopted the corporate name "The Savin Center, P.C." and the registration of *savincenter.com* and *savindermatology.com*. The Savin Center denies the remaining allegations contained in ¶ 68 of the Amended Complaint.

69.    The Savin Center denies the allegations in ¶ 69 of the Amended Complaint.

70.    The Savin Center denies the allegations in ¶ 70 of the Amended Complaint.

71.    The Savin Center denies the allegations in ¶ 71 of the Amended Complaint.

72.    The Savin Center admits that it has used and continues to use the business name "The Savin Center, P.C." and the domain name *savincenter.com*. The Savin

Center denies the remaining allegations contained in ¶ 72 of the Amended Complaint and

therefore denies the same.

73.     The Savin Center denies the allegations in ¶ 73 of the Amended

Complaint.

74.     The Savin Center denies the allegations in ¶ 74 of the Amended

Complaint.

75.     The Savin Center denies the allegations in ¶ 75 of the Amended

Complaint.

**COUNT 3**

**CONNECTICUT UNFAIR TRADE PRACTICES ACT**
**CONN. GEN. STAT. § 42-110a et seq.**

76.     Defendant repeats and incorporates herein by reference the statements set

forth in ¶¶ 1-75, inclusive.

77.     The Savin Center is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in ¶ 77 of the Amended Complaint and

therefore denies the same.

78.     The Savin Center denies the allegations in ¶ 78 of the Amended

Complaint.

79.     The Savin Center denies the allegations in ¶ 79 of the Amended

Complaint.

80.     The Savin Center denies the allegations in ¶ 80 of the Amended

Complaint.

81.     The Savin Center denies the allegations in ¶ 81 of the Amended

Complaint.

82.    The Savin Center admits that it has used and continues to use the business name "The Savin Center, P.C." and the domain name *savincenter.com*.  The Savin Center denies the remaining allegations contained in ¶ 82 of the Amended Complaint.

83.    The Savin Center denies the allegations in ¶ 83 of the Amended Complaint.

84. The Savin Center denies the allegations in ¶ 84 of the Amended Complaint.

85. The Savin Center denies the allegations in ¶ 85 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSES

The Plaintiff's trademark is not inherently distinctive.

## SECOND AFFIRMATIVE DEFENSES

The Plaintiff's trademark is not famous.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff has not suffered actual harm from the alleged dilution.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's mark is not distinctive.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's mark was not famous before the Defendant began using the word "Savin" in commerce as a mark or trade name.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's Amended Complaint fails to state a claim upon which relief could be granted because the Defendant's use began before the enactment of the Federal Trademark Dilution Act.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are estopped by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by its acquiescence to the Defendant's use of the word "Savin."

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are estopped by the doctrine of acquiescence.

### PETITION FOR CANCELLATION

The Plaintiff in Counterclaim believes that it is or will be damaged by Registration Nos. 836,540, 1,174,900, 1,500,782 and 2,230,303 as the result of Defendant in Counterclaim's reliance on ownership of the registrations in its Amended Complaint, and hereby petitions to cancel the same.

### PARTIES AND JURISDICTION

1.     The Savin Center, P.C., Petitioner, is a Connecticut corporation with a principal place of business at 134 Park Street, New Haven, Connecticut.

2.      On information and belief, Savin Corp., Registrant, is a Delaware corporation with a place of business at 333 Ludlow Street, Stamford, Connecticut.

3.      This court has supplemental jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367 and original jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1338 and the Trademark Act § 37, 15 U.S.C. § 1118.

COUNT I
PETITION TO CANCEL U.S. TRADEMARK REG. NOS.
836,540, 1,174,900 AND 1,500,782

4.      Savin Corp. is presently the record owner of U.S. Trademark Reg. No. 836,540 for goods described as "developing liquid for office copiers" and "photocopy machines and copy paper for photocopy machines," registered on October 10, 1967 and renewed on October 19, 1987.

5.      Savin Corp. is presently the record owner of U.S. Trademark Reg. No. 1,174,900 for goods described as "photocopying machines and parts thereof," registered on October 27, 1981 and renewed on October 27, 2001.

6.      Savin Corp. is presently the record owner of U.S. Trademark Reg. No. 1,500,782 for services described as "maintenance and repair services for photocopiers and word processors," originally registered on August 16, 1988.

7.      Savin Corp. assigned the above-listed trademarks (the "Savin Marks") and others to Foothill Capital Corporation on January 13, 1988 by executing a "Trademarks and Letters Patent Assignment."

8.      Subsequent to the assignment, Savin Corp. continued to use the Savin Marks in the same way it had used the Savin Marks prior to the assignment, as if the assignment never occurred.

9.      During the period that Foothill Capital Corp. owned the marks, it never played an active role in the daily operations of Savin Corp., never used the marks itself, and never considered the goodwill in the marks an asset of Foothill Capital Corp.

10.      During the period that Foothill Capital Corp. owned the Savin Marks, its interest in the Savin Marks was only as collateral for loans made by Foothill Capital Corp. to the Savin Corp.

11.      The assignment of the trademarks to Foothill Capital Corp. was therefore an assignment in gross, *i.e.*, an assignment of trademarks without the associated goodwill.

12.      An assignment in gross is an abandonment of a trademark.

13.      Savin Corp.'s trademarks were therefore abandoned by the assignment in gross to Foothill Capital Corp.

14.      Foothill Capital Corp. executed a document purporting to assign the Savin Marks, and others, to the Savin Corp. on December 18, 1995.

15.      During the time that Foothill Capital Corp. was the record owner of the Savin Marks, from January 13, 1988 to December 18, 1995, Savin Corp. used the Savin Marks in association with goods and services.

16.      During this time, Foothill Capital Corp. never inspected the quality of goods or services sold with the Savin mark.

17.      A trademark owner that allows the use of is mark by others without exercising control over the quality of goods and services sold under the mark has granted a "naked license."

18.      Grant of a "naked license" is an abandonment of a trademark.

19.    The Savin Marks, if they had been owned by Foothill Capital Corp. at all, were subsequently abandoned by Foothill Capital Corp. by its failure to exercise any quality control over the goods and services.

20.    The purported assignment in December, 1995 from Foothill Capital Corp. to Savin Corp. was therefore also an assignment in gross, since Foothill Capital Corp. had no goodwill in the Savin Marks as a consequence of its abandonment of the Savin Marks through naked licensing.

Wherefore, the Petitioner prays that Registration No. 836,540, registered on October 10, 1967 and renewed on October 10, 1987, Registration No. 1,174,900, registered on October 27, 1981 and renewed on August 27, 2001, and Registration No. 1,500,782, registered on August 16, 1988, be cancelled under the Trademark Act § 14, 15 U.S.C. § 1064, on the basis that the Savin Marks were abandoned.

COUNT II
PETITION TO CANCEL U.S. TRADEMARK REG. NO. 2,230,303

21.    The Petitioner hereby incorporates paragraphs 1 through 20 of the Counterclaim as if fully set forth herein.

22.    The Registrant filed an application, Ser. No. 75/373,019, for the mark SAVIN for "facsimile machines" on October 14, 1997.

23.    The Examining Attorney had a telephone conversation with David A. Einhorn, an agent for Savin Corp., on July 15, 1998.

24.    Mr. Einhorn authorized the Examining Attorney to amend the application to insert a claim of acquired distinctiveness under Section 2(f) of the Trademark Act.

18

25.    The Examining Attorney issued an Examiner's Amendment on July 17, 1998, stating "Claim of Acquired Distinctiveness under Section 2(f)[:] The applicant claims the benefit of Section 2(f) of the Trademark Act . . . ."

26.    Mr. Einhorn subsequently had a telephone conversation with the Examining Attorney on December 8, 1998.

27.    Mr. Einhorn described the conversation in a letter to the Examining Attorney dated December 8, 1998.

28.    The letter states that in the telephone conversation, Mr. Einhorn told the examiner that Savin Corp. owned prior registrations for the mark SAVIN that were not based on Section 2(f).

29.    The statement was false.

30.    The only active registrations for the mark SAVIN owned by Savin Corp. during the period in question were Reg. Nos. 1,500,782, 1,174,900 and 836,540.

31.    All three of these registrations claimed the benefit of Section 2(f) as the basis for entitlement to registration on the Principal Register.

32.    Registration. No. 836,540 claimed the benefit of Section 2(f) in the application, where it stated "The mark has become distinctive of applicant's goods as a result of substantially exclusive and continuous use in interstate commerce for the five years next preceding the date of filing of this application."

33.    The claim of reliance on Section 2(f) for Registration No. 1,174,900 was made expressly in an amendment to the application dated April 2, 1981, which stated, "The mark has become distinctive of applicant's goods as a result of applicant's ownership of the four registrations on the Principal Register which are listed above."

34.    The claim of reliance on Section 2(f) for Registration No. 1,500,782 was made expressly in an amendment to the application dated January 20, 1988, which stated "It is requested that, pursuant to Rule 2.42(b), the ownership of Registrations 836,540 and 1,014,386 and 1,174,900 be accepted as prima facie evidence of distinctiveness of applicant's services."

35.    The Registrant was in possession of these documents.

36.    The above-referenced documents were produced in response to a Request for Production of Documents by the Defendant at Bates Nos. SVN002630-33, SVN002473-75, and SVN002433-34.

37.    The Registrant therefore had actual knowledge that the statement that Savin Corporation owned prior registrations for the mark SAVIN that were not based on Section 2(f) was false.

38.    The Registrant made the statement with the intent to induce the Examining Attorney to grant said registration without requiring a claim of benefit of Section 2(f), and, reasonably relying upon the truth of said false statements, the U.S. Patent and Trademark Office did, in fact, grant said registration.

39.    The registration was therefore obtained fraudulently.

Wherefore, the Petitioner prays that Registration No. 2,230,303, issued March 9, 1999, be cancelled under the Trademark Act § 14, 15 U.S.C. § 1064, on the basis that Reg. No. 2,230,303 was obtained fraudulently.

By: _____

Michael A. Cantor, Esq.
Bar No. ct05524
Michael J. Rye
Bar No. ct18354
Pamela S. Chestek
Bar No. ct22480
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, CT 06002
Phone (860) 286-2929
Fax (860) 286-0115

Jeff D. Friedman, Esq.
Renne & Holtzman
Public Law Group
100 Pine Street
San Francisco, CA 94111
Phone: (415) 676-4496
Fax: (415) 288-4528

Defendant's Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a copy the above DEFENDANT'S ANSWER TO AMENDED COMPLAINT AND PETITION TO CANCEL has been sent via Federal Express, this 26th day of January, 2004 to:

David A. Einhorn
James M. Andriola
Anderson, Kill & Olick
1251 Avenue of the Americas
New York, NY 10022

C. William Tanzi
Anderson Kill & Olick
Two Sound View Drive
Greenwich, CT 06830

_____
Pamela S. Chestek, Esq.