David A. Einhorn (CT 09458)
James M. Andriola (CT 22742)
Anderson Kill & Olick, P.C.
Two Sound View Drive
Greenwich, Connecticut 06830
(203) 622-7688
- and -
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, New York  10022
(212) 278-1000

Attorneys for Plaintiff Savin Corporation

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAVIN CORPORATION,<br><br>                                Plaintiff,<br><br>- v -<br><br>THE SAVIN CENTER, P.C.<br><br>                                Defendant. | Case No. 302 CV 2297 (AVC) |

**AFFIRMATION OF DAVID A. EINHORN, ESQ. IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO AMEND
THE ANSWER TO ADD A COUNTERCLAIM**

I DAVID A. EINHORN, ESQ. hereby affirm the following:

1.  I am a member of the law firm of Anderson Kill & Olick, P.C., serving as counsel to Savin Corporation ("Savin") in this matter and as such am fully familiar with the facts of this case. I submit this affirmation in support of Savin's Opposition to The Savin Center's ("TSC") Motion for Leave to Amend the Answer to Add a Counterclaim. ("Motion").

:717388-1

2. At the time that the trademark SAVIN for facsimile machines (Reg. No. 2,230,303) (the "'303 Mark") was being prosecuted before the PTO, Savin also owned a prior registration for the trademark SAVIN (Reg. No. 836,540) (the "'540 Mark"), among others.

3. The application for registration of the '540 Mark was filed on July 26, 1966, which matured to registration on October 10, 1967.

4. There is no mention of Section 2(f) in the file history of the '540 Mark.

5. Neither the status copy of the '540 Mark nor the TARR database of the PTO states anywhere that the '540 Mark is based on Section 2(f).

6. I spoke with the Examining Attorney at the PTO regarding the '303 Mark, on or about December 8, 1998.

7. The Examining Attorney and I had access to the file and to database information regarding the '540 Mark.

8. On December 8, 1998, I discussed with the Examining Attorney my belief that the '540 Mark did not indicate a Section 2(f) basis.

9. The Examining Attorney agreed with my interpretation.

10. At the end of this conversation, the Examining Attorney requested that I memorialize the conversation in a letter.

11. I did so in a letter on the same day.

12. The Examiner's struck reference to Section 2(f) from the '303 registration by Amendment.

13. Annexed hereto as "Exhibit 1" is a true and correct copy of the Assignment of trademarks from Savin to Foothill dated January 13, 1988.

14. Annexed hereto as "Exhibit 2" is a true and correct copy of the re-assignment of trademarks from Foothill to Savin dated December 18, 1995.

15. Annexed hereto as "Exhibit 3" is a true and correct copy of the document reflecting recordation with the U.S. Patent and Trademark Office.

16. Annexed hereto as "Exhibit 4" is a true and correct copy of the relevant pages from the transcript of the deposition of Michael Fishman dated January 20, 2004.

17. Annexed hereto as "Exhibit 5" is a true and correct copy of the status copy of the trademark SAVIN (Reg. No. 836,540).

18. Annexed hereto as "Exhibit 6" is a true and correct copy of the letter dated December 8, 1998 from David A. Einhorn to the Examining Attorney at the U.S. Patent and Trademark Office.

19. Annexed hereto as "Exhibit 7" is a true and correct copy of the Examiner's Amendment dated January 26, 1999.

Dated: February 18, 2004

_____
David A. Einhorn