# ANDERSON KILL & OLICK, P.C.

Attorneys and Counsellors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020-1182
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

James M. Andriola, Esq.
(212) 278-1501
jandriola@andersonkill.com

*By Federal Express*

March 1, 2004

Honorable Alfred V. Covello
United States District Judge
United States District Court for the
District of Connecticut
450 Main Street
Hartford, Connecticut 06103

      Re: <u>Savin Corporation v. The Savin Center</u>
           3:02 CV 2297 (AVC)

Dear Judge Covello:

      This firm represents the Plaintiff Savin Corporation ("Plaintiff") in the above referenced matter. We have been advised by counsel for the Defendant The Savin Center, P.C. ("Defendant"), that they intend to take the deposition of David A. Einhorn, Esq. We write this letter to request that the Court, pursuant to Fed. R. Civ. P. 26(c) and 45(c)(3)(A), issue a protective order preventing such a deposition.

      David A. Einhorn, Esq. is lead counsel for Plaintiff in this litigation and has represented Plaintiff for a number of years in relation to Plaintiff's trademark prosecution and litigation. The deposition of Mr. Einhorn is sought by Defendant in connection with its counterclaim alleging that Savin Corporation made a misrepresentation to an examining attorney with the United States Trademark Office ("Trademark Office") during a telephone conversation on December 8, 1998. There is no need for such a deposition.

      In its own counterclaim, Defendant alleges:

26.    Mr. Einhorn subsequently had a telephone conversation with the Examining Attorney on December 8, 1998.
27.    Mr. Einhorn described the conversation in a letter to the Examining Attorney dated December 8, 1998.
28.    The letter states that in the telephone conversation, Mr. Einhorn told the examiner that Savin Corp. owned prior registrations for the mark SAVIN that were not based on Section 2(f).
29.    The statement was false.

DCS1-719261.1

New York ■ Chicago ■ Greenwich ■ Newark ■ Philadelphia ■ Washington

---

*Margin annotations:*

[Left margin, vertical]: The clerk of the court is ordered to docket this letter as a motion for a protective order. Having considered the motion, the opposition memorandum, and reply letter-brief, the motion is denied. SO ORDERED.

March 5, 2004.

Alfred V. Covello, U.S.D.J.

**ANDERSON KILL & OLICK, P.C.**

March 1, 2004
Page 2

      Defendant does not need to depose Mr. Einhorn about the conversation since it is in possession of the letter summarizing said conversation. See ¶ 28, above. In addition, anything said during the conversation which was not recorded by the examining attorney must be ignored since the action of the Trademark Office "is based exclusively on the written record." TMEP § 709.03 (citing 37 C.F.R. § 1.2). Plaintiff has already produced to Defendant all documents in its possession, custody or control concerning the application in dispute (bates nos. SVN 02307 – 2328), including the December 8, 1998 letter referenced in Defendant's counterclaim.[1]

      Any information other than the substance of the telephone interview with the Trademark Office (of which the Defendant is already aware) possessed by Mr. Einhorn concerning the above allegations would be protected by the attorney-client privilege and/or the work product doctrine.

      Based on the lack of need of Mr. Einhorn's deposition, Mr. Einhorn's active role in the current litigation, the risk of attorney-client privilege and work product issues arising, and the availability of non-privileged information from other sources, the proposed deposition of Mr. Einhorn would cause an "inappropriate burden or hardship" and should therefore not be allowed to go forward. In re: Subpoena Issued to Denis Friedman, 350 F.3d 65 (2d Cir. 2003); See also United States v. Yonkers Bd. of Educ., 946 F.2d 180, 185 (2d Cir.1991)("depositions of opposing counsel are disfavored"); Madanes v. Madanes, 199 F.R.D. 135, 151 (S.D.N.Y. 2001) (Recognizing that even a deposition of counsel limited to relevant and non-privileged information risks disrupting the attorney-client relationship and impeding the litigation).

      Based on the foregoing, Plaintiff respectfully requests that the Court issue a protective order preventing the deposition of David A. Einhorn, Esq. in this litigation.

Respectfully submitted,

James M. Andriola

JMA
cc:    Pamela S. Chestek, Esq. (By Federal Express)

---

[1] Counsel for Defendant has not subpoenaed the examining attorney who would obviously have the exact same information as Mr. Einhorn concerning the December 8, 1998 telephone conversation.

NYDOCS1-719261.1