# ANDERSON KILL & OLICK, P.C.

Attorneys and Counsellors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020-1182
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

James M. Andriola, Esq.
(212) 278-1501
jandriola@andersonkill.com

*By Federal Express*

March 3, 2004

Honorable Alfred V. Covello
United States District Judge
United States District Court for the
District of Connecticut
450 Main Street
Hartford, Connecticut 06103

Re:   Savin Corporation v. The Savin Center
      3:02 CV 2297 (AVC)

Dear Judge Covello:

      This will serve as the response of the Plaintiff Savin Corporation ("Plaintiff") to the letter of Pamela Chestek, Esq. dated March 3, 2004 submitted on behalf of the Defendant The Savin Center, P.C. ("Defendant") concerning Defendant's desire to depose Plaintiff's lead counsel in the above referenced matter, David A. Einhorn, Esq.

      Plaintiff's March 1, 2004 letter established that there is no need to depose Mr. Einhorn in this litigation. Defendant's response sets forth two topics upon which it seeks to depose Mr. Einhorn. Defendant, however, has failed to demonstrate that Mr. Einhorn has relevant non-privileged information on either topic.

      The only basis provided by Defendant for deposing Mr. Einhorn concerning Defendant's abandonment counterclaim is that "there are documents submitted by Mr. Einhorn to the Patent and Trademark Office in various trademark applications and registrations during the time period that Foothill Capital Corp. was the putative owner of the SAVIN Marks." This is hardly a basis to overcome the recognized disfavor of deposing opposing counsel in this circuit. United States v. Yonkers Bd. of Educ., 946 F.2d 180, 185 (2d Cir.1991)("depositions of opposing counsel are disfavored"). The documents referenced by Defendant have either been produced in this case or are publicly available. In addition, Defendant's counterclaim relates solely to the quality control of Plaintiff's SAVIN products and services during the period of the collateral loan, and Defendant has not even asserted that Mr. Einhorn has any information concerning any quality control issues.

NYDOCS1-719783.1

New York ■ Chicago ■ Greenwich ■ Newark ■ Philadelphia ■ Washington

---

*Handwritten annotations (left margin, rotated):*

March 5, 2004. The clerk of the court is ordered to docket this letter as a reply letter brief to the defendant's opposition memorandum to the plaintiff's motion for a protective order.

SO ORDERED.

Alfred V. Covello, U.S.D.J.

**ANDERSON KILL & OLICK, P.C.**

March 3, 2004
Page 2

      As to Defendant's fraud counterclaim, Defendant has not presented one scintilla of evidence that Mr. Einhorn in any way perpetrated a fraud on the Trademark Office. Defendant argues that since it has alleged a fraud, which it has the ultimate burden of proving, it should therefore be allowed to depose Mr. Einhorn. In other words, since Defendant has filed a baseless counterclaim it is entitled to conduct a fishing expedition with Plaintiff's lead counsel. This is not only manifestly unjust and harassing, it again is hardly a sufficient basis to overcome the strong disfavor of deposing opposing counsel.

      The attorney-client privilege forbids an attorney from disclosing confidential communications obtained from the client during the course of professional consultations. Any information that Mr. Einhorn may have concerning the trademark application underlying the fraud counterclaim or trademark filings that occurred during the period of the collateral loan not disclosed in the documents themselves would have been derived from communications with his client, and therefore would be privileged. Any information Mr. Einhorn shared with the Trademark Office, which is admittedly not privileged, has either been produced or is publicly available.

      Based on the foregoing and Plaintiff's March 1st letter, Plaintiff respectfully requests that the Court issue a protective order preventing the deposition of David A. Einhorn, Esq. in this litigation.

Respectfully submitted,

James M. Andriola

JMA
cc:    Pamela S. Chestek, Esq. (By Federal Express)

NYDOCS1-719783.1