David A. Einhorn (CT 09458)
James M. Andriola (CT 22742)
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000

- and -

C. William Tanzi (CT 24560)
Anderson Kill & Olick, P.C.
Two Sound View Drive, Suite 100
Greenwich, CT 06830
(203) 622-7688

Attorneys for Plaintiff Savin Corporation

FILED

2004 APR 12 A 10: 02

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAVIN CORPORATION,<br><br>                        Plaintiff,<br><br>          - v -<br><br>THE SAVIN CENTER, P.C.,<br><br>                       Defendant. | Case No. 302 CV 2297 AVC |

**PLAINTIFF SAVIN CORPORATION'S REPLY TO THE COUNTERCLAIMS
OF DEFENDANT THE SAVIN CENTER, P.C.**

The Plaintiff Savin Corporation ("Plaintiff") replies to the Counterclaims of Defendant The Savin Center, P.C. ("Defendant") as follows:

        1.      Plaintiff denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Counterclaims.

NYDOCS1-723976.1

2. Plaintiff admits the allegations set forth in paragraph 2 of the Counterclaims.

3. Paragraph 3 of the Counterclaims sets forth legal conclusions that do not require a response from Plaintiff.

## COUNT I

4. Plaintiff states that U.S. Trademark Reg. No. 836,540 was renewed on or about October 7, 1987 and otherwise admits the allegations set forth in paragraph 4 of the Counterclaims.

5. Plaintiff states that U.S. Trademark Reg. No. 1,174,900 was renewed on or about March 23, 2002 and otherwise admits the allegations set forth in paragraph 5 of the Counterclaims.

6. Plaintiff admits the allegations set forth in paragraph 6 of the Counterclaims.

7. Plaintiff admits that on or about January 13, 1988, Plaintiff executed a Trademarks and Letters Patent Assignment and Plaintiff refers to this document for a full and accurate description of its contents.

8. Plaintiff admits that subsequent to its execution of a Trademarks and Letters Patent Assignment on or about January 13, 1988, Plaintiff continued to use the Savin Marks in the same way it had used them prior to the execution of said document.

9. Plaintiff denies the allegations set forth in paragraph 9 of the Counterclaims.

10. Plaintiff denies the allegations set forth in paragraph 10 of the Counterclaims.

11. Plaintiff denies the allegations set forth in paragraph 11 of the Counterclaims.

12. Paragraph 12 of the Counterclaims sets forth a legal conclusion that does not require a response from Plaintiff.

13. Plaintiff denies the allegations set forth in paragraph 13 of the Counterclaims.

14. Plaintiff admits that on or about December 18, 1995, Foothill Capital Corp. executed an Assignment of Trademark and Plaintiff refers to this document for a full and accurate description of its contents.

15. Plaintiff admits the allegations set forth in paragraph 15 of the Counterclaims.

16. Plaintiff denies allegations set forth in paragraph 16 of the Counterclaims.

17. Paragraph 17 of the Counterclaims sets forth a legal conclusion that does not require a response from Plaintiff.

18. Paragraph 18 of the Counterclaims sets forth a legal conclusion that does not require a response from Plaintiff.

19. Plaintiff denies the allegations set forth in paragraph 19 of the Counterclaims.

20. Plaintiff denies the allegations set forth in paragraph 20 of the Counterclaims.

## COUNT II

21. Plaintiff repeats and re-alleges each and every response set forth above in response to the allegations in paragraphs 1 through 20 of the Counterclaims as if fully set forth herein.

22. Plaintiff admits the allegations set forth in paragraph 22 of the Counterclaims.

23. Plaintiff admits the factual allegations set forth in paragraph 23 of the Counterclaims and states that this paragraph also sets forth a legal conclusion that does not require a response from Plaintiff.

24. Plaintiff denies the allegations set forth in paragraph 24 of the Counterclaims.

25. Plaintiff admits that the Examining Attorney issued an Examiner's Amendment on July 17, 1998 and Plaintiff refers to this document for a full and accurate description of its contents.

26. Plaintiff admits the allegations set forth in paragraph 26 of the Counterclaims.

27. Plaintiff admits that it sent a letter to the Examining Attorney dated December 8, 1998 and Plaintiff refers to this document for a full and accurate description of its contents.

28. Plaintiff admits that it sent a letter to the Examining Attorney dated December 8, 1998 and Plaintiff refers to this document for a full and accurate description of its contents.

29. Plaintiff denies the allegations set forth in paragraph 29 of the Counterclaims.

30. Plaintiff admits the allegations set forth in paragraph 30 of the Counterclaims.

31. Plaintiff denies the allegations set forth in paragraph 31 of the Counterclaims.

32. Plaintiff denies the allegations set forth in paragraph 32 of the Counterclaims.

33. Plaintiff denies the allegations set forth in paragraph 33 of the Counterclaims.

34. Plaintiff denies the allegations set forth in paragraph 34 of the Counterclaims.

35. Plaintiff denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Counterclaims.

36. Plaintiff admits that it produced documents bearing the bates numbers set forth in paragraph 36 of the Counterclaims and Plaintiff refers to such documents for a full and accurate description of their contents.

37. Plaintiff denies the allegations set forth in paragraph 37 of the Counterclaims.

38. Plaintiff denies the allegations set forth in paragraph 38 of the Counterclaims.

39. Plaintiff denies the allegations set forth in paragraph 39 of the Counterclaims.

### FIRST AFFIRMATIVE DEFENSE

40. The Defendant's Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

41. The Defendant has failed to plead its fraud counterclaim with sufficient particularity.

### THIRD AFFIRMATIVE DEFENSE

42. Defendant's counterclaim of abandonment fails upon a plain reading of the relevant instruments. Any allegations concerning the relationship

between Plaintiff and Foothill Capital Corp. not set forth in the relevant instruments are barred by the parol evidence rule and/or statute of frauds.

### FOURTH AFFIRMATIVE DEFENSE

43. Defendant's counterclaims are barred by the doctrine of laches.

### PRAYER FOR RELIEF

Plaintiff requests that:

A. The Counterclaims of the Defendant be dismissed with prejudice and with costs, including attorney's fees;

B. Plaintiff granted such other and further relief with respect to the Counterclaims of the Defendant as the Court deems just and equitable; and

C. Plaintiff be awarded the relief prayed for in its Amended Complaint.

Anderson Kill & Olick, P.C.

Dated: April 7, 2004

By: _____
David A. Einhorn (CT 09458)
James M. Andriola (CT 22742)
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000

- and –

C. William Tanzi (CT 24560)
Anderson Kill & Olick, P.C.
Two Sound View Drive, Suite 100
Greenwich, CT 06830
(203) 622-7688

Attorneys for Plaintiff
Savin Corporation

## CERTIFICATE OF SERVICE

I certify that on April 7, 2004, the foregoing PLAINTIFF SAVIN CORPORATION'S REPLY TO THE COUNTERCLAIMS OF THE DEFENDANT THE SAVIN CENTER, P.C. was caused to be served by Federal Express on:

> Pamela S. Chestek, Esq.
> Cantor Colburn, L.L.P.
> 55 Griffin Road South
> Bloomfield, CT   06002

This 7th day of April, 2004.

_____
James M. Andriola, Esq.